# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION

| | |
|---|---|
| TIMAERO IRELAND LIMITED,<br>　　　　　　Plaintiff,<br><br>v.<br><br>THE BOEING COMPANY,<br>　　　　　　Defendant. | No. 19-cv-08234<br>Honorable Rebecca R. Pallmeyer<br>Magistrate Judge Jeffrey T. Gilbert |

## AGREED PROTECTIVE ORDER

The parties to this Agreed Protective Order have agreed to the terms of this Order; accordingly, it is **ORDERED**:

1. **Scope.**

All materials produced or adduced in the course of discovery, including initial disclosures, responses to discovery requests, deposition testimony and exhibits, and information derived directly therefrom (hereinafter collectively "documents" as defined below), shall be subject to this Order concerning "Protected Information" as defined below. This Order is subject to the Local Rules of this District and the Federal Rules of Civil Procedure on matters of procedure and calculation of time periods.

2. **Definitions.**

　　2.1　**Confidential Information.**

As used in this Order, "Confidential Information" means information designated as "CONFIDENTIAL" by the producing party that falls within one or more of the following categories: (a) information prohibited from disclosure by statute; (b) information that reveals trade secrets; (c) research, technical, commercial or financial information that the party has maintained as confidential; (d) medical information concerning any individual; (e) personal

identity information; (f) income tax returns (including attached schedules and forms), W-2 forms and 1099 forms; or (g) personnel or employment records of a person who is not a party to the case. Information or documents that are available to the public may not be designated as Confidential Information, except documents that are subject to the requirements of the Export Administration Regulations ("EAR"), 15 C.F.R. §§ 730.1, et seq., and/or the International Traffic in Arms Regulations, which implement the Arms Export Control Act ("ITAR"), 22 C.F.R. §§ 120.1, et seq.

**2.2** **Attorneys' Eyes Only Information.**

As used in this Order, "Attorneys' Eyes Only Information" means highly sensitive, proprietary business, financial, or commercial information designated in good faith by the producing party. Attorneys' Eyes Only Information may include, but is not limited to, sensitive financial information, customer lists, pricing information, and documents that reveal a customer's identity, or that consist of or disclose non-public information about the parties' customers or confidential third-party contracts or agreements. All Attorneys' Eyes Only Information is also Confidential Information.

**2.3** **Export Controlled Information**

As used in this Order, "Export Controlled Information" means information, technical data and/or technology that is subject to the requirements of the Export Administration Regulations ("EAR"), 15 C.F.R. §§ 730.1, et seq., and/or the International Traffic in Arms Regulations, which implement the Arms Export Control Act ("ITAR"), 22 C.F.R. §§ 120.1, et seq. Such information may be contained in documents that one or more parties furnish in this case related to dual use commodities, technology, or software, or defense articles. "Export Controlled Information" may or may not also be Confidential Information.

92271226.10

**2.4     Protected Information.**

As used in this Order, "Protected Information" means information that is either Confidential Information, Attorneys' Eyes Only Information, or Export Controlled Information.

**2.5     Documents.**

"Documents" means all writings, records, files, drawings, graphs, charts, photographs, e-mails, electronic messages, video tapes, audio tapes, compact discs, electronically stored information, and other tangible things subject to production under the Federal Rules of Civil Procedure.

**3. Designation.**

**3.1     Protected Information Label.**

A party may designate a document as Protected Information for protection under this Order by placing or affixing a label that contains or includes language substantially similar to the following on the document and on all copies in a manner that will not interfere with the legibility of the document (the "Protected Information Label"). Depending on whether a document is Confidential Information, Attorneys' Eyes Only Information, Export Controlled Information, Attorneys' Eyes Only and Export Controlled Information, or Confidential and Export Controlled Information, the party should use the appropriate version of the following label:

a) "**CONFIDENTIAL, N.D. Ill. Case No. 19-CV-08234**";

b) **"ATTORNEYS' EYES ONLY, N.D. Ill. Case No. 19-cv-08234";**

c) **"EXPORT CONTROLLED INFORMATION, N.D. Ill. Case No. 19-cv-08234";**

d) **"ATTORNEYS' EYES ONLY AND EXPORT CONTROLLED INFORMATION, N.D. Ill. Case No. 19-cv-08234";**

e) **"CONFIDENTIAL AND EXPORT CONTROLLED INFORMATION, N.D. Ill. Case No. 19-cv-08234".**

As used in this Order, "copies" includes electronic images, duplicates, extracts, summaries or descriptions that contain the Protected Information. The Protected Information Label shall be applied prior to or at the time the documents are produced or disclosed. Applying the Protected Information Label to a document does not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Order. Any copies that are made of any documents marked with a Protected Information Label shall also be so marked, except that indices, electronic databases or lists of documents that do not contain substantial portions or images of the text of marked documents and do not otherwise disclose the substance of the Protected Information are not required to be marked.

A Party shall place a Protected Information Label on each page of a document containing Protected Information.

### 3.2 Documents Not Amenable to Page-by-Page Marking.

A party producing documents that are not amenable to page-by-page marking which are stored on electronic, magnetic, optical, or other non-paper media, such as compact discs, DVD's, video tapes, and audio tapes (collectively, "data storage devices") shall designate the data storage device as containing Protected Information, by affixing a Protected Information Label to the data storage device in the manner described above at the time copies of such data storage devices are produced. If the receiving party, or other persons or entities to whom disclosure is authorized pursuant to § 5(b)(1)-(9), makes a copy of any data storage device designated by the producing party as containing Protected Information, the receiving party or other authorized person shall mark each such copy as containing Protected Information in the same form as the notice on the original data storage device produced.

92271226.10

**3.3** **Interrogatory Answers.**

If a party answering an interrogatory believes that its response contains Protected Information, it shall simultaneously set forth that response in a separate document that is produced and designated as Protected Information. The answers to interrogatories should refer to the separately produced document containing the response, but such document need not be attached to the interrogatories.

**3.4** **Certification.**

The designation of a document as Protected Information is a certification by an attorney or a party appearing pro se that the document contains Protected Information as defined in this order.

**4. Depositions.**

Unless all parties agree on the record at the time the deposition testimony is taken, all deposition testimony taken in this case shall be treated as Protected Information. Within 45 days after the receipt of a deposition transcript, a party may serve a Notice of Designation to all parties of record as to specific portions of the testimony that are designated Protected Information, and thereafter only those portions identified in the Notice of Designation shall be protected by the terms of this Order. The failure to serve a timely Notice of Designation shall waive any designation of testimony taken in that deposition as Protected Information, unless otherwise ordered by the Court.

Nothing in this paragraph requires parties to re-designate documents used as exhibits during a deposition; rather, those documents shall retain the designation of Protected Information assigned to them regardless of their use in a deposition.

5. **Protection of Protected Information.**

    **(a) General Protections.** Protected Information shall not be used or disclosed by the parties, counsel for the parties or any other persons identified in subparagraph (b) for any purpose whatsoever other than in this litigation, including any appeal thereof.

    **(b) Limited Third-Party Disclosures.** The parties and counsel for the parties shall not disclose or permit the disclosure of any Protected Information to any third person or entity except as set forth in subparagraphs (1)-(9). No person who is not lawfully able to review Export Controlled Information shall be allowed to review Export Controlled Information. Subject to these requirements, the following categories of persons may be allowed to review Protected Information:

    **(1) Counsel.** Counsel for the parties and employees of counsel who have responsibility for the action;

    **(2) Parties.** Individual parties and representatives (e.g., employees of VEB.RF) or employees of a party but only to the extent counsel determines in good faith that the representative's or employee's assistance is reasonably necessary to the conduct of the litigation in which the information is disclosed.

    Protected Information shall be disclosed to representatives, only after such persons have completed the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound, and have been disclosed to and accepted by all parties. Acceptance shall not be unreasonably withheld and any objections must be raised within 14 days of disclosure. Failure to respond within 14 days has the effect of an affirmative acceptance.

    Parties are not allowed to review Attorneys' Eyes Only Information, except that two employees or representatives of a party who are in-house counsel and do not participate in competitive decision-making for issues relating to the other party may review Attorneys' Eyes

Only Information, provided they have completed the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound and have been disclosed to and accepted by all parties. Acceptance shall not be unreasonably withheld and any objections must be raised within 14 days of disclosure. Failure to respond within 14 days has the effect of an affirmative acceptance;

    **(3) The Court and its personnel**;

    **(4) Court Reporters and Recorders.** Court reporters and recorders engaged for depositions;

    **(5) Contractors.** Those persons specifically engaged for the limited purpose of making copies of documents or organizing or processing documents, including outside vendors hired to process electronically stored documents;

    **(6) Consultants and Experts.** Consultants, investigators, or experts, and their staff, employed by the parties or counsel for the parties to assist in the preparation and trial of this action but only after such persons have completed the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound, and have been disclosed to and accepted by all parties. Acceptance shall not be unreasonably withheld and any objections—for example, on grounds of competitive sensitivity—a must be raised within 14 days of disclosure. Failure to respond within 14 days has the effect of an affirmative acceptance.

    **(7) Witnesses at depositions.** During their depositions, witnesses in this action to whom disclosure is reasonably necessary. Witnesses shall not retain a copy of documents containing Protected Information, except witnesses may receive a copy of all exhibits marked at their depositions in connection with review of the transcripts. Pages of transcribed deposition testimony or exhibits to depositions that are designated as Protected Information pursuant to the

92271226.10

process set out in this Order must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order.

**(8) Author or recipient.** The author or recipient of the document (not including a person who received the document in the course of litigation); and

**(9) Others by Consent.** Other persons only by written consent of the producing party or upon order of the Court and on such conditions as may be agreed or ordered.

**(c) Control of Documents.** Counsel for the parties shall make reasonable efforts to prevent unauthorized or inadvertent disclosure of Protected Information. Counsel shall maintain the originals of the forms signed by persons acknowledging their obligations under this Order for a period of three years after the termination of the case.

**6. Inadvertent Failure to Designate.**

An inadvertent failure to designate a document as Protected Information does not, standing alone, waive the right to so designate the document; provided, however, that a failure to serve a timely Notice of Designation of deposition testimony as required by this Order, even if inadvertent, waives any protection for deposition testimony solely as Protected Information. If a party designates a document as Protected Information after it was initially produced, the receiving party, on notification of the designation, must make a reasonable effort to assure that the document is treated in accordance with the provisions of this Order. No party shall be found to have violated this Order for failing to maintain the confidentiality of material during a time when that material has not been designated Protected Information, even where the failure to so designate was inadvertent and where the material is subsequently designated Protected Information.

92271226.10

7. **Designations by Another Party.**

    **(a) Notification of Designation.** If a Party believes that a producing Party (including a third party) has produced a document that contains or constitutes its Protected Information, the Party may designate the document as Protected Information by notifying all Parties in writing of that designation within 30 days of service of the document.

    **(b) Return of Documents.** Whenever a Party other than the producing Party designates a document as Protected Information as provided for in paragraph 7(a), each Party receiving the document shall either add the Protected Information designation or substitute a copy of the document bearing such designation for each copy of the document produced by the producing Party. Each Party shall destroy all undesignated copies of the document or return those copies to the producing Party, at the direction of the producing Party.

    **(c) Nondisclosure**. No Party shall disclose a produced document to any person (other than the persons authorized to receive Protected Information per paragraph 5) until after the expiration of the 30-day designation period specified in paragraph 7(a).

8. **Filing of Protected Information.**

    This Order does not, by itself, authorize the filing of any document under seal. Any party wishing to file a document designated as Protected Information in connection with a motion, brief or other submission to the Court must comply with LR 26.2.

9. **No Greater Protection of Specific Documents.**

    Except on privilege grounds not addressed by this Order, no party may withhold information from discovery on the ground that it requires protection greater than that afforded by this Order unless the party moves for an order providing such special protection.

**10. Challenges by a Party to Designation as Protected Information.**

The designation of any material or document as Protected Information is subject to challenge by any party. The following procedure shall apply to any such challenge.

**(a) Meet and Confer.** A party challenging the designation of Protected Information must do so in good faith and must begin the process by conferring directly with counsel for the designating party. In conferring, the challenging party must explain the basis for its belief that the designation was not proper and must give the designating party an opportunity to review the designated material, to reconsider the designation, and, if no change in designation is offered, to explain the basis for the designation. The designating party must respond to the challenge within fourteen (14) business days.

**(b) Judicial Intervention.** A party that elects to challenge a designation may file and serve a motion that identifies the challenged material and sets forth in detail the basis for the challenge. Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements of this procedure. The burden of persuasion in any such challenge proceeding shall be on the designating party. Until the Court rules on the challenge, all parties shall continue to treat the materials as Protected Information under the terms of this Order.

**11. Action by the Court.**

Applications to the Court for an order relating to materials or documents designated Protected Information shall be by motion. Nothing in this Order or any action or agreement of a party under this Order limits the Court's power to make orders concerning the disclosure of documents produced in discovery or at trial.

12. **Use of Protected Documents or Information at Trial.**

Nothing in this Order shall be construed to affect the use of any document, material, or information at any trial or hearing. A party that intends to present or that anticipates that another party may present Protected Information at a hearing or trial shall bring that issue to the Court's and parties' attention by motion or in a pretrial memorandum without disclosing the Protected Information. The Court may thereafter make such orders as are necessary to govern the use of such documents or information at trial.

13. **Protected Information Subpoenaed or Ordered Produced in Other Litigation.**

    **(a)** If a receiving party is served with a subpoena or an order issued in other litigation that would compel disclosure of any material or document designated in this action as Protected Information, the receiving party must so notify the designating party, in writing, immediately and in no event more than three court days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

    **(b)** The receiving party also must immediately inform in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is the subject of this Order. In addition, the receiving party must deliver a copy of this Order promptly to the party in the other action that caused the subpoena to issue.

    **(c)** The purpose of imposing these duties is to alert the interested persons to the existence of this Order and to afford the designating party in this case an opportunity to try to protect its Protected Information in the court from which the subpoena or order issued. The designating party shall bear the burden and the expense of seeking protection in that court of its Protected Information, and nothing in these provisions should be construed as authorizing or encouraging a receiving party in this action to disobey a lawful directive from another court. The obligations set

forth in this paragraph remain in effect while the party has in its possession, custody or control Protected Information by the other party to this case.

**14. Challenges by Members of the Public to Sealing Orders.**

A party or interested member of the public has a right to challenge the sealing of particular documents that have been filed under seal, and the party asserting confidentiality will have the burden of demonstrating the propriety of filing under seal.

**15. Obligations on Conclusion of Litigation.**

**(a) Order Continues in Force.** Unless otherwise agreed or ordered, this Order shall remain in force after dismissal or entry of final judgment not subject to further appeal.

**(b) Obligations at Conclusion of Litigation**. Within sixty-three days after dismissal or entry of final judgment not subject to further appeal, all Protected Information and documents marked with a Protected Information Label under this Order, including copies as defined in ¶ 3.1, shall be returned to the producing party unless: (1) the document has been offered into evidence or filed without restriction as to disclosure; (2) the parties agree to destruction to the extent practicable in lieu of return; or (3) as to documents bearing the notations, summations, or other mental impressions of the receiving party, that party elects to destroy the documents and certifies to the producing party that it has done so.

**(c) Retention of Work Product and one set of Filed Documents.** Notwithstanding the above requirements to return or destroy documents, counsel may retain (1) attorney work product, including an index that refers or relates to designated Protected Information and/or so long as that work product does not duplicate verbatim substantial portions of Protected Information, and (2) one complete set of all documents filed with the Court including those filed under seal. Any retained Protected Information shall continue to be protected under this Order.

An attorney may use his or her work product in subsequent litigation, provided that its use does not disclose or use Protected Information.

**(d) Deletion of Documents filed under Seal from Electronic Case Filing (ECF) System.** Filings under seal shall be deleted from the ECF system only upon order of the Court.

**16. Order Subject to Modification.**

This Order shall be subject to modification by the Court on its own initiative or on motion of a party or any other person with standing concerning the subject matter.

**17. No Prior Judicial Determination.**

This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery. Nothing herein shall be construed or presented as a judicial determination that any document or material designated Protected Information by counsel or the parties is entitled to protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until such time as the Court may rule on a specific document or issue.

**18. Persons Bound.**

This Order shall take effect when entered and shall be binding upon all counsel of record and their law firms, the parties, and persons made subject to this Order by its terms.

So Ordered.

ENTER:

Date: June 29, 2020

_____
REBECCA R. PALLMEYER
United States District Judge

**ATTACHMENT A**

**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| TIMAERO IRELAND LIMITED,<br>　　　　　　Plaintiff,<br><br>v.<br><br>THE BOEING COMPANY,<br>　　　　　　Defendant. | No. 19-cv-08234<br>Honorable Rebecca R. Pallmeyer<br>Magistrate Judge Jeffrey T. Gilbert |

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

　　　　The undersigned hereby acknowledges that he/she has read the Protective Order dated _____ in the above-captioned action and attached hereto, understands the terms thereof, and agrees to be bound by its terms. The undersigned submits to the jurisdiction of the United States District Court for the Northern District of Illinois in matters relating to the Protective Order and understands that the terms of the Protective Order obligate him/her to use materials designated as Protected Information in accordance with the Order solely for the purposes of the above-captioned action, and not to disclose any such Protected Information to any other person, firm or concern.

　　　　The undersigned acknowledges that violation of the Protective Order may result in penalties for contempt of court.

Name:　　　_____

Title:　　　_____

Employer　　_____

Business Address:　　_____

　　　　　　　　　　_____

　　　　　　　　　　_____


Date:　_____　　Signature:　_____

92271226.10